The next case today is Brooks A. Ames v. Stanley Spiegel, appeal number 20-1435. Mr. Ames, please introduce yourself on the record. May it please the court, Brooks Ames, representing myself. It's clear that sanctions cannot rest only on a claim being dismissed under a 12b6 standard. There must be something more that warrants a sanction. In this case, the district court actually reversed the initial 12b6 dismissal of the magistrate on the claim against Spiegel, and the district court held that because Alston had been allowed to replete other claims that had been dismissed, it was only fair that he be allowed to replete his claims against Spiegel. I don't really consider that a reversal. He vacated it, gave you an opportunity to replete if you wanted. The district court never intimated that that original dismissal was wrong or incorrect. I won't dispute that. My only point was that there was an opportunity for the district court to weigh in on the viability of that claim. The district court gave you a showing that you had made. It's true that the district court didn't force you to attempt to do it. I appreciate that, your honor. That's true. But the district court, there was a pending motion for sanctions at that point already, and the district court didn't make a commentary as to the viability of the claim, whether it was frivolous or the like. Has that motion for sanctions been ruled on by the magistrate judge? No. It was not before the district court. The magistrate judge hadn't acted on it. Again, your honor, you're correct. My point remains that there was not, from my perspective, a signal from the district court that this was a frivolous claim. What more signal did you need? You had the magistrate judge dismiss the claim, and you knew there was a motion for sanctions pending before the magistrate judge. First of all, Rule 11 puts you on notice of your obligations, but you knew that those obligations were in play, and if you had, by any chance, overlooked that, you also had received a notification from opposing counsel, had you not? Yes, I certainly had notice from opposing counsel. My point is that a bare 12B6 dismissal, which is all I regarded the magistrate to be doing there, was dismissing the case on the grounds that it did not state a claim. It is not the same thing as saying that it's a frivolous claim. In objecting, I did object to the magistrate's claim. The district court didn't comment on that case, but it was not a case that was ever distinguished by the court. It's not hard to distinguish, is it? Didn't Ray involve a suit by a former attorney against his Quandam employer? Mr. Spiegel was not your client's employer. In my view, the holding of Ray, which was that threatening to disclose damaging information or disclosing damaging information could deter someone from making a claim. In my view, that principle applied to Mr. Spiegel because he was in a position to have access to damaging information about Mr. Alston. He claimed to a third party that he had access to Mr. Alston's personnel file and that that file contained damaging information. I viewed that as under the principle of Ray. Since Ray had not been distinguished by the magistrate judge, and it was in my brief to the magistrate judge, I viewed that as continuing to be a viable theory and I pursued it. Is Ray the best authority you against Spiegel? Does not constitute a valid extension of Ray? Do you lose or do you have some authority that's better than Ray? No. If your honors conclude that there's no reasonable possible way that Ray could apply to this case, then I would lose. Ray couldn't apply because Spiegel's not the employer and what you characterize as the threat was not made to your client. It was, as I understand it from the record, it was a statement made. We don't even know to whom, but we know that it was made to some third person. Well, I didn't take the Ray holding to be dependent on it. I didn't ask you what you took the Ray. All that I'm saying is that this case is factually distinguishable from Ray. So the question, at least in my mind, is whether the legal rationale of Ray can plausibly be extended to justify the assertion of this claim in the face of an earlier notice letter. I just want to be sure that you don't have some other precedent that you're relying on that is stronger for you than Ray. I don't have a precedent that's stronger than Ray. The only other authority I'd point to is the fact that the district court a year, approximately a year after dismissing Spiegel, concluded that ten of these or maybe eight of these individual defendants, that there was sufficient allegations, plausible allegations that they were engaged in a conspiracy, including allegations that they had distributed negative information about Mr. Alston. What does that have to do with Spiegel? Well, Mr. Spiegel was involved in those allegations. Did the district court make a finding with respect to Spiegel? That's what you're saying? The magistrate judge made a ruling on the motion to dismiss. In that ruling, the magistrate judge concluded that part of the evidence that would support a conspiracy was that there were letters circulated, negative letters, about Mr. Alston by Select Board member Nancy Daly. The fact is that we allege that that was done in concert with Mr. Spiegel. After that happened, Mr. Spiegel engaged in this conduct in the Select Board's hearing room in which he intimated that he had negative information about Mr. Alston. I viewed that as part, the fact that the magistrate judge had concluded a valid conspiracy had been pled and that it included multiple members of the town government, that that made it more plausible that Mr. Spiegel, who's also part of the town government, just not in a, not in the same position. He's not a Select Board member. He's a member of the advisory committee. He has a different position. He has a different role, but it doesn't change the fact that he has this information and he's communicating it. He's not communicating it directly to Mr. Alston, but when he communicates it to a supporter of Mr. Alston, that's how you do a smear campaign. That's how you do a whisper campaign. That's what I viewed was going on, that the Select Board, using proxies like Mr. Spiegel, were spreading information that would cause Firefighter Alston to have pause about whether he wanted to continue to speak out and take on the town of Brookline on this volatile topic. And I'll just remind you that it was just a week after Firefighter Alston had gone public with his grievance against the Select Board, a meeting that was publicized in the Boston Globe and the local paper. It was only a week later that Mr. Spiegel entered the picture and was, in our view, in my view, spreading negative information about Mr. Alston for the other members of the town government. Can you point to anything then in your refiled claims that amount to more than what the magistrate judge called cosmetic changes? Is there anything in your refiled claims that adds meat to the sandwich? Your Honor, I'm not going to challenge that. It's obviously there are differences, but I'm not going to challenge that. If I can just to that point, though, if the complaint is refiled, or let me put it a different way, if it's not refiled, if it's my view, perhaps wrongly, that the initial complaint had merit and the magistrate judge got it wrong because I have a different view of Ray than she does, then my client can't pursue that claim unless I refile it. Otherwise, we're out. We don't have a chance of ever seeing whether that claim holds muster and stands up to review. It may be the case I'm feeling the signal that it's not a claim that the First Circuit has a lot of sympathy for, but that doesn't mean that I'm not entitled to refile it as long as I have a plausible basis in the law or the extension of the law to do so. But that claim had been dismissed or the magistrate judge had recommended its dismissal. If you didn't ask the district court for leave to replead, the district court would have been affirmed and you would have had eventually an end-of-case appeal from that dismissal. No one forced you. I'm not sure about that. I thought that if you didn't object to a dismissal by a magistrate... Oh yes, you had to object, but you did not have to accept the district court's invitation to allow you to replead it. You could have said to the district court, we're going to stand on that and then the district court would have had to rule up and down, either vacate what the magistrate had done or affirm the dismissal at which time at the end of the case you'd have an appeal. I'm afraid I'm not sure I follow that. I objected. The district court made a ruling that it seemed to me put me in a position where I had no choice but to refile or else I would be waiving the dismissal. I'm not going to argue the point with you, counsel. Are there any further questions? No. Okay, thank you, Mr. Ames. Mr. Ames, please mute your device at this time and Attorney Schatz, if you could please unmute your device and introduce yourself on the record. You have eight minutes. Thank you. My name is Naomi Schatz, again, representing Defendant Stanley Spiegel, and I'm here with my co-counsel, Martin Rosenthal, who will be taking the other two minutes of our time. The district court's decision to award sanctions against Attorney Ames was well within its discretion, and Attorney Ames has made no showing that that discretion was abused in this case. As this court stated in Navarro-Ayala v. Nunez, appellate review of an order under Rule 11 is deferential. The abuse of discretion standard requires that a sanctions decision only be overturned if it's based on mistake of law or clearly erroneous finding of fact. The appellant does not argue that there's any erroneous finding of fact, and for the reasons we discussed and briefed in the companion merits case that we just argued, the district court did not make a mistake of law. I do want to address two small points my brother just made, correct something he said. He claims that there was an allegation in the complaint that Mr. Spiegel acted in concert with Nancy Daly with regard to the circulation of some published letters to the editor. That is not an allegation that was made in the second amended complaint, which is the complaint that is at issue in this case relevant to Mr. Spiegel, and I know you just had a discussion also with my brother about the question of whether he had to refile his claims in order to preserve them. To be clear, that is not something that Mr. Ames ever alleged he was doing in the district court. He never made clear to the district court that he was filing solely because he felt he had to in order to refile. While the first circuit hasn't addressed this question of when refiling is necessary directly on point, most circuits hold that refiling is not necessary under these circumstances. That is not what he was doing when he refiled. He made, as you noted, a couple of and continued to press his claim as a valid claim, despite changing none of the substantive allegations. Attorney Ames' argument in this case that his claims were not frivolous because he argued for an extension of Ray versus Ropes and Gray really underscores exactly how frivolous they were, because first, he never made that argument to the trial court. In the trial court, he argued that existing law addressed his client's claims. He has only now on appeal come up with this argument that an extension of Ray would be necessary to cover those claims, but that is not what the trial court was looking at in deciding the merits of this case or these sanctions. Second of all, as I think I alluded to in our merits argument, if the case would have to be extended to cover Mr. Alston's claims against Mr. Spiegel, and Mr. Alston has pled that Mr. is entitled to qualified immunity, then that argument is a concession that there was not clearly established law, and therefore that Mr. Alston cannot overcome Mr. Spiegel's qualified immunity. The purpose of Rule 11 sanctions is to deter attorneys from filing frivolous or meritless claims, and the district court would have been within its discretion to award sanctions at the time it dismissed the first amended complaint, which the magistrate detailed was entirely meritless against Spiegel, and the district court adopted in full her reasoning. The sole change the district court made was to give Alston a chance to cure the defects and plead new plausible claims against Spiegel. Counsel, I'm a little leery of relying on He did, and the magistrate addressed it in detail in her second report and recommendation, arguing to, finding that it was not, it did not give him grounds to make these claims against Spiegel. And you had the chance to argue that Wray did not apply and no extension of Wray would have applied, and if it was an extension, all that did was support your qualified immunity defense, right? Well, he never argued any argument about extending Wray, and so no. That's the point I'm getting at. If he raises Wray, does he really have to specify either it applies directly or an extension of it? And if he doesn't, we hold he has waived the argument. I'm not sure that you need that in order to achieve the objective you want. I would agree with that as to the merits of the case. I think my only point was that in his briefing, he relies on the portion of Rule 11 that states that a claim is not frivolous if it is grounded in a plausible reading of the law or argument for modification or extension of the law. And they're just, the court below had no opportunity to assess whether there was any plausible modification or extension because that wasn't raised before it. But I assume you below raised that exception to Rule 11 does not apply here, even if he didn't argue it does apply. I would have to go back and look at exactly how we briefed it below, but I believe we argued that because he was, I don't know if we specifically addressed that exception, because it wasn't raised here. All right. Thank you. My final point was just as to the discretion to award the sanctions. The court could have done it when they dismissed the first amended complaint because those claims were entirely baseless and no reasonable attorney as required by Rule 11 would have thought that the facts as alleged met any of the necessary legal elements of the claims being pursued. Again, I'd be reluctant to rest on that. To me, your stronger argument is, gee, the judge gave him another chance and he decided to take the chance rather than force the issue and take an appeal. And when he took the chance, he didn't add anything new. He said exactly what he said before, right? That is not your basic argument. That is why the magistrate decided to impose sanctions and we agree with that decision. All right. If there are no further questions, I will turn things over to Attorney Rosenthal. Okay. Thank you. Thank you, Attorney Schatz. You can mute your device at this time. Attorney Rosenthal, please unmute your device and introduce yourself on the record. Yes. Am I on? Yes. Okay. Thank you. Sorry about that. May I please record Martin Rosenthal also for Mr. Spiegel. After 48 years, I wish I could say I'm finally happy to be here, but I won't. Without repeating Naomi's overview or our briefs, including the Joe Welch quote, I just want to highlight four things about Brookline, deterrent, and legal ethics. This case is really a poster child for sanctions. It flouts not just rule 11, but other rules too. Mr. Spiegel is now 85, has been a 5'6 giant in town government, 39 years an elected legislator, 32 on the advisory committee, the hardest committee in town. He's now had five pretty hellish years so far undamnified by the no good deeds shall go unpunished. Besides 19th century stuff, the allegations started in 2010 on this whole case and we're now down to one alleged 2014 spontaneous conversation with an unnamed person. An obvious inference from reading that complaint is less than a three minute conversation out of, by my calculations, about 3 million minutes since 2010. He's also a poster child for qualified immunity, whose goal was protecting public service. There's no better poster child for that than Mr. Spiegel. In Brookline, this matter's history has been for a decade hotly debated, but here, fortunately, what matters is just the sole allegation against Mr. Spiegel and the law. As was stated in Parker v. Landry, moral indignation is not enough to hold officials liable for every abuse that occurs there in a prison, and especially where if here, like here, if there was any abuse, it's only by someone else. So we say there ought to be a law. Thankfully, there are several laws, and please affirm. And by the way, the racial animus would be a joke if it weren't for the nightmare that this case is imposed on Mr. Spiegel. He has no right to be here. Thank you. Any further questions from anyone? No. Thank you. Thank you, counsel. At this time, that concludes the arguments in this case. Attorney Ames, Attorney Schatz, Attorney Rosenthal, Attorney Podolsky, and Attorney Becker, you should disconnect from the hearing at this time.